No. 11,717.

GILBERT HEBERT VS. GEORGE L. MAYER AND SHERIFF.

ON MOTION TO DISMISS.—The missing evidence would not have shown the fact of the seizure and circumstances connected therewith more conc usively than the judicial admissions made.  When the missing evidence would be cumulative and does not affect the decision, the appeal will not be dismissed on the suggestion of the diminution of the record.

THE SUBSTANCE OF THE PLEA.—Plaintiff averred in his petition the essentials which he claimed exempted his property from seizure under the homestead law of 1865, without naming the act in terms.

Plaintiff also averred, in his petition, that he had registered his declaration of homestead as required by the Constitution of 1879, and the homestead enactment of 1880.

The statement of the demand under the latter, in definite and precise terms, did not have the effect of relinquishing or waiving any right of exemption he may have under the exemption law of 1865.

GROUND OF EXEMPTION.—Under the allegation based on his recorded homestead declaration that he was the head of a family and dependent children, the plaintiff could prove that after his children were no longer dependents, and their mother dead, his dependent family consisted of a wife of a second marriage and other dependents.

CAUSE SUFFICIENT TO REMAND.—By agreement, a vendor's mortgage was abandoned by the creditor, but not the claim itself, which dates from some time prior to 1880.

The condition for exemption, to be effective, must date from a time prior to the date of the claim.

The plaintiff's evidence does not prove the continuous support of defendants alleged.

The facts, in another decision, between the same parties, of which this court takes notice only in matter of remanding, lead to the conclusion that possibly plaintiff has a right to homestead.

The case is therefore remanded for another trial, in accordance with the views expressed.

APPEAL from the Tenth Judicial District Court, Parish of Avoyelles. Coco, J.

*William Hall* and *E. J. Joffrion* for Plaintiff and Appellee.

*A. J. Lafargue* and *H. C. Edwards* for Defendant and Appellant.

---

Hebert vs. Mayer and Sheriff.

---

The opinion of the court was delivered by

BREAUX, J.    The plaintiff enjoined the sale of his property on the ground that it is exempt from seizure, it being, he alleges, his homestead, consisting of one hundred acres of land, one horse, and about five acres of cotton in the field.

He alleges, substantially, that all the conditions existed entitling him to a homestead privilege, from a date anterior to his indebtedness to defendant.    In his registered act of declaration, as required after 1879, he declared that he had three children dependent upon him, and that he was the head of a family.

In a portion of his petition the plaintiff alleges that his property is exempt, as it is covered by his homestead, duly recorded in 1880. In another, he alleges that the condition entitling him to a homestead existed prior.    He is a farmer and resides on the land seized since about 1870, of which, in that year, he became the owner.

He lost his first wife and contracted a second marriage.

The defendant controverts the allegations of plaintiff and alleges that the judgment enjoined, obtained in 1880, was for the purchase price of the property seized.    That his judgment has been kept alive by proper revival and reinscription.    That it was antecedent in date to plaintiff's homestead, and can not, in consequence, prejudice his claim.

The evidence shows that on the 19th of August, 1880, an agreement was entered into between plaintiff and defendant whereby the mortgage was made to bear on sixty arpents of land.

On the next day a judgment was rendered for the amount due, secured as to its payment on the sixty arpents of land in question.

The claim upon which this judgment was obtained was anterior in date to the homestead declaration of plaintiff recorded in 1880, but not anterior in date to the homestead law of 1865.

The judgment of the lower court recognizes plaintiff's right of homestead and sets aside the seizure.

From this judgment the defendant, Mayer, the seizing creditor, appeals.

### ON MOTION TO DISMISS.

The plaintiff and appellee in his motion to dismiss the appeal suggests that he offered a writ of *fieri facias* in evidence and the return thereon of the sheriff.

Subsequently, this writ and return were also offered in evidence by the defendant.

As there is no evidence in the record showing that any return under the writ of *fieri facias* was ever made, he moves to dismiss the appeal.

The defendant and appellant opposing this motion obtained an order from this court to the clerk of the District Court directing him to forward a copy of the sheriff's return to complete the record.

The clerk in answer to the order annexes the original writ of *fieri facias*, which was copied in the transcript filed, and states that he could not do more than copy the writ in the transcript, upon which it appears no return was made by the sheriff. He further states that he made demand upon plaintiff's counsel to produce the writ offered and return thereon. They not having complied, the only writ found by him in the record was copied in the transcript of appeal.

It is evident that a writ of *fieri facias* was issued and that under it the property involved in this suit was seized. .

The failure of the sheriff to make his return is not only not at issue, but both the plaintiff and the defendant admit, judicially, that a seizure of the property was made.

The record contains all that is necessary to enable us to decide the case. The return, if copied in the transcript, would not affect the decision, for all that it can prove is of record.

The motion to dismiss is therefore denied.

### ON THE MERITS.

1. Defendant's first contention against plaintiff's claim for a homestead is that plaintiff, having enjoined the seizure of his property on the ground that it is protected by the registry of his homestead act of 1880, he must now rely exclusively, for exemption from seizure, upon the Constitution of 1879; that plaintiff waived and abandoned all rights under prior laws. The right claimed by the plaintiff in a paragraph of the petition is not exclusive of all other rights to the homestead. It is true that in the paragraph in question he sets up rights under the present laws. But in another portion of his petition he specially alleges a condition, if true, which protects him under the act of 1865. There is, in substance, a definite statement that the petitioner has had members of his family dependent upon him for support.

The courts look to the substance of pleas.

2. The defendant next argues that plaintiff, having alleged that he had children dependent upon him, he can not contradict his allegations by his evidence and show that he had a wife.

The declaration of homestead, made the basis of the cause, sets forth that he was the head of a family. Though the allegation was not as definite as it should have been, yet it was sufficient to prove plaintiff's marriage and his continuous responsibility as head and support of a family. If he had children dependent upon him when his declaration of homestead was made, and subsequently others succeeded, entitled to his support and protection, the proof may be made of these facts, under the averments of the petition and the declarations contained in the act of homestead.

The original debt was contracted prior to 1880. The defendant, it is true, retained by agreement, entered into a mortgage and privilege on another portion of land than that involved in this case; he nevertheless did not abandon any of his right as holder of an ordinary debt.

This being our conclusion, it devolved upon the plaintiff to prove that he had, since the date he became indebted to plaintiff, been the head and support of a family.

It is settled by a number of decisions that homesteads, under the homestead law of 1865, are unaffected by the provisions of the present Constitution; the rights are unimpaired save as to the necessity of recording the claim. If he was within the law of 1865 he is entitled to date his homestead claim from that year.

The plaintiff has not shown by evidence in this case the continued support of dependents required under the terms of the law, to enable him to obtain a judgment recognizing his homestead.

A certified copy of the marriage license and return thereon, showing the marriage of plaintiff to his first wife, Esther Juge, was offered in evidence; it is not of record on appeal, and the verbal testimony does not fix the day, year, or even the decade of years, in which the marriage was contracted. As unimportant as this may be, we can not overlook the fact that plaintiff has failed to prove when his first wife died the number of children that survived her, and the length of time he continued to give them support. In reference to his grandson, who also resided with him, it seems, the testimony is unsatisfactory and does not show the length of time he gave him

support; it only proves the fact that on a particular occasion, the date of a marriage, he was giving him support.

Under the plain letter of the law to obtain exemption the debtor must have a family or person or persons dependent upon him for support. The dependency must be necessary.

After many years the condition which gave rise to the exemption may cease. The intention was not, evidently, to compel the recipient of this boon provided for the protection of the family, in order to maintain their right, to be prepared at all times to prove their strict compliance; that each day and month support was given for which vouchers were held.

It is only needful to exercise the privilege in good faith, within reasonable limits and without the intention of evading the responsibility devolving upon the head of the family who successively accepts the responsibility of protecting those who have a claim to his support.

In a case before this court between the plaintiff and the defendant including other issues, testimony was introduced in support of plaintiff's claim to a homestead. After reading the testimony we conclude that possibly plaintiff can prove conclusively that he has given the support to members of his family the law contemplates shall be given by the debtor who claims the benefit of exemption on that ground.

We have determined to remand this case for further proof in regard to the dependence of plaintiff's family and the support he has given them since the date he became indebted to the defendant. We find ample precedent for this action on our part. Mrs. Mina Paland vs. Railroad Company, 42 An. 290, 295, and authorities cited.

It is therefore ordered, adjudged and decreed that the judgment herein rendered be annulled, avoided and reversed. It is now ordered that the case be remanded to the District Court for the purpose of taking evidence on the point stated and determining whether or not, after having heard further evidence, the plaintiff is entitled to the homestead he claims.

All costs to abide the final determination of the case.